LSK&D #: 373-5009 / 682461

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------

# 08 CV 00333

MICHAEL RODRIGUEZ- JAVIERM,

Plaintiff,

-against-

IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.

Defendants.

**Docket No.:**

**PETITION FOR
REMOVAL**

**Assigned to:**

**TRIAL BY JURY
DEMANDED**

----------------------------------------------------------------x

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

The Petition of the defendants, IVAN R. GOODING JR. AND WERNER

ENTERPRISES, INC., respectfully shows:

1.      On or about December 12, 2007 (not the service date), an action was

commenced against the Petitioners in the Supreme Court, State of New York, County of

Bronx, which is entitled <u>Michael Rodriguez-Javierm v. Ivan R. Gooding Jr. and Werner</u>

<u>Enterprises, Inc.</u>  A copy of the Summons and Complaint is annexed hereto as **Exhibit**

**"A."**

2.      An Answer was interposed on behalf of defendants, IVAN R. GOODING

JR. AND WERNER ENTERPRISES, INC., on or about January 11, 2008.  A copy of the

Answer is annexed as **Exhibit "B".**

3.      The above-described action is one in which the Court has original

jurisdiction under the provision of 28 U.S.C. §1332 as one that may be removed to this

Court, pursuant to 28 U.S.C. §1441, in that it is a civil action and upon information and

belief, the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4.     Plaintiff resided at the time that this action was commenced in the State of New York, County of Bronx, as is indicated on the face of the Summons and Complaint annexed hereto as **Exhibit "A."**

5.     Petitioners, IVAN R. GOODING JR. resides in the State of Maryland and WERNER ENTERPRISES, INC., is a foreign Corporation having its principal place of business in the State of Nebraska, specifically its principal executive office at 14507 Frontier Road, Omaha, Nebraska 68138-3875.

**WHEREFORE**, Petitioners, IVAN R. GOODING JR. AND WERNER ENTERPRISES, INC. prays that this action now pending against them in the Supreme Court of the State of New York, County of Bronx, be removed therefrom to this Court.

Dated::     New York, New York
            January 11, 2008

Yours, etc.

LESTER SCHWAB KATZ & DWYER, LLP

John DeMatteo III (JD-0654)
Attorneys for Defendants
IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.
120 Broadway
New York, New York  10271
(212) 964-6611

TO:

Alexander Bespechny
2931 Westchester Avenue
Suite 200
Bronx, NY  10461
Attorney for Plaintiff

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NEW YORK )

**JOHN DEMATTEO, III,** being duly sworn, according to law, deposes and says

that he is one of the attorneys for the within named Petitioners IVAN R. GOODING JR.

AND WERNER ENTERPRISES, INC.. that he has read the foregoing Petition for

Removal and that the statements therein are true in substance and to his knowledge.

_____
John DeMatteo III (JD-0654)
Attorneys for Defendants
IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.
120 Broadway
New York, New York  10271
(212)  964-6611

Sworn to before me this
11th day of January, 2008

_____
CINDY M. BENENATI
COMMISSIONER OF DEEDS
CITY OF NEW YORK, NO. 2-6219
COMMISSION EXPIRES MARCH 1, 20 08

LSK&D #: 901-7010 / 963185

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------x

MICHAEL RODRIGUEZ-JAVIERM,

                                  Plaintiff,

               -against-

IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.,

                              Defendants.

----------------------------------------------------------------x

**Index No.:  303011-2007**

**NOTICE OF REMOVAL**

    **PLEASE TAKE NOTICE**, that on the 11th day of January, 2008, defendants filed

a Petition for Removal, a copy of which is annexed hereto, with the United States

District Court for the Southern District of New York.

Dated:     New York, New York
             January 11, 2008

                       Yours, etc.

                       LESTER SCHWAB KATZ & DWYER, LLP

                       John DeMatteo III (JD-0654)
                       Attorneys for Defendants
                       IVAN R. GOODING JR. AND WERNER
                       ENTERPRISES, INC.
                       120 Broadway
                       New York, New York  10271
                       (212)  964-6611

TO:

Alexander Bespechny
2931 Westchester Avenue
Suite 200
Bronx, NY  10461
Attorney for Plaintiff

TO:

Alexander Bespechny
2931 Westchester Avenue
Suite 200
Bronx, NY  10461
Attorney for Plaintiff

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

_____ X    Index No.: 3 03011—2007

MICHAEL RODRIGUEZ-JAVIERM,                    Filed: 11/21/07

                         Plaintiff(s),    Plaintiff designated
         -against-                           BRONX County as the
                                 place of trial

                                        **SUMMONS**

IVAN R. GOODING JR. AND WERNER ENTERPRISES,
INC.,

                            Defendant(s),    The basis of venue is
_____ X    the place of Plaintiff's
                                        Residence at 1800 Crotona
                                        Avenue, Bronx, New York
                                        10457.

### TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and

to serve a copy of your answer on the plaintiff's attorney within 20 days after the service

of this summons, exclusive of the day of service of this summons, or within 30 days after

service of this summons is complete if this summons is not personally delivered to you

within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be

taken against you for the relief demanded in the complaint, together with the costs of this

action.

Dated: Bronx, NY
        November 7, 2007

                                    Alexander Bespechny
                                    Attorney for Plaintiff
                                    2931 Westchester Avenue

Suite 200
Bronx, NY 10461
718-792-4800

TO:     IVAN R. GOODING JR.
        2010 Paulett Road # 104
        DunDalk BA, Maryland 21222


        WERNER ENTERPRISES, INC.
        14507 Frontier Road
        Omaha, NE 68138

        WERNER ENTERPRISES, INC.
        P.O. Box 45308
        Omaha, NE 68145

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

———————————————————————X

MICHAEL RODRIGUEZ-JAVIERM,

Index No.: 308011 - 2007

                                    Plaintiff(s),

              -against-                              **VERIFIED**
                                                    **COMPLAINT**

                                                    **TRIAL BY JURY**
                                                    **DEMANDED**

IVAN R. GOODING JR. AND WERNER ENTERPRISES,
INC.,

                                    Defendant(s),

———————————————————————X

State of New York    )
                     )        s.s.:
County of BRONX      )

Plaintiff, by her attorney, ALEXANDER BESPECHNY, ESQ., as and for her VERIFIED

COMPLAINT, respectfully allege, upon information and belief:

1. The Plaintiff, MICHAEL RODRIGUEZ-JAVIERM, at all times herein mentioned
   was and still is a resident of the County of Bronx of the State of NewYork.

2. Upon information and belief the Defendant, IVAN R. GOODING JR., at all times
   herein mentioned was and still is a resident of the State of Maryland.

3. Upon information and belief the Defendant, WERNER ENTERPRISES, INC. at all
   times herein mentioned was and still is a Corporation duly organized and existing
   under and by virtue of the laws of the state of Nebraska.

4. Upon information and belief the Defendant, WERNER ENTERPRISES, INC. at all
   times herein mentioned was and still is a partnership organized and doing business
   under and by virtue of the laws of the state of Nebraska.

his/her motor vehicle in a state of disrepair; in failing to keep his/her motor vehicle

under proper control; in operating his/her motor vehicle in a dangerous and reckless

manner; in failing to keep a proper lookout; in failing to give warning of his/her

approach; in failing to observe the traffic controls and rules of the road; in failing to

make proper, timely and adequate use of the signal devices, brakes and other safety

equipment; in disregarding and disobeying the applicable laws, statutes, ordinances,

rules and regulations governing the movement of motor vehicle traffic at the time and

place of the occurrence; and in being in all ways generally careless, reckless and

negligent.

12. The negligence of the Defendant, WERNER ENTERPRISES, INC., consisted of

his/her negligent ownership, operation, maintenance and control of his/her motor

vehicle; in operating his/her motor vehicle at an excessive rate of speed under the

circumstances then and there prevailing; in failing to stop; in failing to slow down; in

operating his/her motor vehicle in a state of disrepair; in failing to keep his/her motor

vehicle under proper control; in operating his/her motor vehicle in a dangerous and

reckless manner; in failing to keep a proper lookout; in failing to give warning of

his/her approach; in failing to observe the traffic controls and rules of the road; in

failing to make proper, timely and adequate use of the signal devices, brakes and

other safety equipment; in disregarding and disobeying the applicable laws, statutes,

ordinances, rules and regulations governing the movement of motor vehicle traffic at

the time and place of the occurrence; and in being in all ways generally careless,

reckless and negligent.

13. Solely as a result of the defendant's negligence, the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further the plaintiff was subjected to great physical pain and mental anguish.

14. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than the basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

15. This action falls within one or more of the exceptions set forth in Article 1602 § (2) (iv), (5), (6), (7), and (11) of the Civil Practice Law and Rules.

16. Due to the defendant's negligence, Plaintiff MICHAEL RODRIGUEZ-JAVIERM is entitled to damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.


WHEREFORE, the Plaintiff demands a judgment awarding damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS interest, costs and disbursements of this action and such other and further relief as to this Court may seem just and proper.


Dated:        Bronx, NY
              November 7, 2007

                                        Alexander Bespechny
                                        Attorney for Plaintiff
                                        2931 Westchester Avenue
                                        Suite 200
                                        Bronx, NY 10461
                                        718-792-4800


TO:    IVAN R. GOODING JR.
       2010 Paulett Road # 104
       DunDalk BA, Maryland 21222

WERNER ENTERPRISES, INC.
14507 Frontier Road
Omaha, NE 68138

WERNER ENTERPRISES, INC.
 P.O. Box 45308
Omaha, NE 68145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF

_____ X

MICHAEL RODRIGUEZ_JAVIERM                              Index No.:

                                    Plaintiff,

              -against-

                                                        VERIFICATION

IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.,
                                    Defendant.
_____ X

STATE OF NEW YORK     )
                      )       S.S.:
COUNTY OF             )

                    being duly sworn deposes and says that he/she is the

plaintiff in the above-entitled action; that he/she has read the foregoing  SUMMONS

AND COMPLAINT, and knows the contents thereof and that the same is true to his/her

knowledge, except as to matters therein stated to be alleged on information and belief, and

as to those matters, he/she believes them to be true.

Dated: November 2, 2007
       ~~Brooklyn~~ New York
       Bronx

                                        X _____

Sworn to before me this en d
day of November, 2007

_____
Notary Public

ALEXANDER BESPECHNY
NOTARY PUBLIC-NEW YORK
COMMISSION # 02BE8015538
NASSAU COUNTY
My Comm. Exp. Feb. 21, 20

**LSK&D #: 901-7010 /967568**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------------x

MICHAEL RODRIGUEZ-JAVIERM,

                              **Index No.: 303011-2007**

                  Plaintiff,

        -against-                **VERIFIED ANSWER**

IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.,

                    Defendants.

--------------------------------------------------------------x

       Defendants, IVAN R. GOODING JR. AND WERNER ENTERPRISES, INC., by

its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Verified

Complaint, respectfully state as follows:

           1.   Deny any knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs "1", "6", "7", "8", "9" and "10" of the Verified

Complaint.

           2.   Deny each and every allegation contained in paragraphs "4", "5", "11",

"12", "13", "14", "15" and "16" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

           3.   That any injuries and/or damages sustained by the plaintiff, as alleged

in the Complaint herein, were caused in whole or in part by the contributory negligence

and/or culpable conduct of each plaintiff and not as a result of any contributory

negligence and/or culpable conduct on the part of these answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.  The plaintiff was negligent in not wearing a seat belt at the time of the occurrence and under the applicable law may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5.  The accident described in the Complaint did not result in a "serious injury" to any plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, plaintiff had and has no right to institute, maintain or prosecute this action and are barred from doing so.

6.  The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and (4)b] of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.  The place of trial of this action is stated for an improper county.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.  That the defendants are not subject to the jurisdiction of the State of New York and this court, therefore, lacks jurisdiction over the entity of said defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.  In the event any plaintiff herein recovers a verdict for personal injury, the amount of such recovery should be reduced by any payment that plaintiff received under the medical payment provisions of any policy of insurance.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. The accident described in the Complaint did not result in a "serious injury" to any plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, plaintiff had and has no right to institute, maintain or prosecute this action and are barred from doing so.

11. The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and (4)b] of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

12. The liability of these defendants, if any, to the plaintiff(s) for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff(s) could have obtained personal jurisdiction with due diligence.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendants were not obligated to exercise supervision or control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. In the event plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or

indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15. The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and(4)b] of the Insurance Law of the State of New York, and his exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

16. The Complaint of plaintiff should be dismissed on the grounds that this jurisdiction is an improper jurisdiction under the doctrine of forum non conveniens.

**WHEREFORE**, the answering defendants demand judgment dismissing the Verified Complaint of the plaintiff, together with the attorneys' fees, costs and disbursements of this action.

Dated:    New York, New York
           January 11, 2008

                        Yours, etc.

                        LESTER SCHWAB KATZ & DWYER, LLP

                        John DeMatteo III
                        Attorneys for Defendants
                        IVAN R. GOODING JR. AND WERNER
                        ENTERPRISES, INC.
                        120 Broadway
                        New York, New York  10271
                        (212) 964-6611

TO:

Alexander Bespechny
2931 Westchester Avenue
Suite 200
Bronx, NY  10461
Attorney for Plaintiff

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member of the firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for defendants, IVAN R. GOODING JR. AND WERNER ENTERPRISES, INC.

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason why this affirmation is being made by your deponent and not by the said defendant is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated: New York, New York
　　　　January 11, 2008

_John DeMatteo III_
John DeMatteo III

STATE OF NEW YORK )
                                  ) ss

COUNTY OF NEW YORK )

     **MARY E. MAGEE**, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Queens County. That on January 11, 2008, she served the within VERIFIED ANSWER upon:

               Alexander Bespechny
               2931 Westchester Avenue
               Suite 200
               Bronx, NY  10461
               Attorney for Plaintiff

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                          **MARY E. MAGEE**

Sworn to before me this
11th day of January, 2008

CINDY M. BENENATI
COMMISSIONER OF DEEDS
CITY OF NEW YORK, NO. 2-6219
COMMISSION EXPIRES MARCH 1, 20 08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
MICHAEL RODRIGUEZ-JAVIERM,

                                Plaintiff,

              -against-

IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.,

                           Defendants.
-------------------------------------------------------------------X

**Index No.: 303011-2007**

**VERIFIED ANSWER**

**LESTER SCHWAB KATZ & DWYER, LLP**

**ATTORNEYS FOR**    **Defendants
IVAN R. GOODING JR. AND WERNER
ENTERPRISES, INC.**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX:  (212) 267-5916